## Smick *v.* Smick, Appellant.

Argued March 22, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph Michael Smith,* with him *John R. Jakubow-ski,* and *Smith and Jakubowski,* for appellant.

*Robert S. Lucarini* and *Eric L. Lilian,* submitted a brief for appellee.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from an order of support entered by the Court of Common Pleas of Philadelphia County, Family Division.

The procedure has been complicated as the petition is one entitled for support; a Writ of Habeas Corpus and an attachment for arrearages were also filed. The record shows that the decision was reserved as to the attachment; the petition for a writ of habeas corpus was withdrawn; and after hearing an order was entered directing the husband-appellant, Louis Smick, Jr., to pay to his wife-appellee, Joanne Smick, the sum of $30.00 weekly for the support of a child, Michelle, aged 7; $10.00 weekly for the support of the appellee, and $10.00 weekly on account of arrearages, or a total of $50.00 per week.

We do not have the guidance of an opinion by the court below as Judge KING is no longer a member of the judiciary. However, there was an original order of support entered on December 17, 1970, unappealed from, in the sum of $40.00 per week for the wife and $20.00 per week for the child. At that time the appellant

was earning approximately $200.00 per week. The arrearages on this order at the time of the hearing were $6085.00.

The petition which is the subject of this appeal is entitled "Petition for Support" but must be treated as a petition to increase support based on changed circumstances and for an attachment to collect arrearages. The husband-appellant was granted a divorce from the appellee-wife on January 29, 1974 and her support under the present order ceased on that date. The original order was unappealed from so the court below properly provided for payment of arrearages which amounted to $6085.00 at the time of the hearing. The parties agreed that the appellant is entitled to a credit on arrearages of $3220.00 for periods in which they were living together so the arrearages balance amounted to $2865.00 and that the order to the wife should cease as of January 29, 1974 as to the wife.

This court granted a supersedeas to the appellant on appeal of the order on condition that he pay to his wife, pending the disposition of the appeal, the sum of $15.00 weekly for the support of the child.

The only problem left to be decided by this appeal is whether the court below abused its discretion in fixing total payments of $50.00 weekly. The appellant's gross earnings at the time of the hearing were $86.00 weekly; and his net earnings were $60.70.

The appellee argues that the earning power of the appellant is much greater than his present earnings and that his past earnings should be taken into consideration. However, there is nothing in the record to indicate a failure on his part to take advantage of employment opportunities nor is there any indication of concealment of income or assets. Orders of support at best are temporary in nature and each case must stand on its own facts and in this case and record we must be bound by his current earnings and assets.

If there is a change for the better, a petition to increase on changed circumstances is available to the appellee.

We will vacate the order of $10.00 a week for the wife since the divorce as of January 29, 1974. The order of $30.00 for the child, aged 7, and $10.00 on arrearages or a total of $40.00 weekly is vacated as an abuse of discretion. The petition for an attachment is dismissed. The order is modified to provide for payment of support for the child in the amount of $20.00 weekly and that payments on arrearages after computations of credits discussed in this opinion, shall be at the rate of $5.00 weekly for a total payment to the wife for the support of the child and on arrearages amount to $25.00 weekly.

SPAETH, J., took no part in the decision of this case.